**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197
*Attorneys for Plaintiff*,
Nestor Cornejo

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NESTOR CORNEJO, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | **Case No.:** 3:22-cv-01494 <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> **THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. §§ 1693, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. Plaintiff was out of the country in the Philippines between July 24, 2021 and September 1, 2021, and when he returned he checked his Wells Fargo account, and saw that about $20,000 had been stolen from his account via unauthorized transactions between August 23, 2021, and September 1, 2021. Around September 19, 2021, Plaintiff reported all unauthorized transactions to Wells Fargo, who denied his dispute and failed to reverse the unauthorized transactions.

2. **NESTOR CORNEJO** ("Plaintiff"), by his attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **WELLS FARGO BANK, N.A.** ("Defendant" or "Wells Fargo") for violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. §§ 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

8. This action arises out of Defendant's violations of the EFTA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## EFTA

10. "To address concerns raised by the increasing prevalence of electronic banking transactions, Congress enacted the Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. § 1693 *et seq.* Lawmakers viewed such transactions—processed through computer networks without human interaction—as 'much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods.' *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)). Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges. *See* 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, *The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution*, 13 U.S.F. L. Rev. 231, 238 (1979). Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers." *Widjaja v. JPMorgan Chase Bank, N.A*, D.C. No. 2:19-cv-07825-MWF-AFM (9th Cir. 2021)

## INTRADISTRICT ASSIGNMENT

11. Intradistrict assignment to the SAN FRANCISCO DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SAN FRANCISCO.

///

## PARTIES

12. Plaintiff is natural person who resides in San Francisco County, California. Plaintiff is currently, and at all times complained of, a "Person" as that term is defined by Regulation E in 12 C.F.R. 1005.2(j).

13. Defendant Wells Fargo Bank, N.A. is a United States corporation operating from an address of 101 N. Phillips Avenue, Sioux Falls, SD 57104 and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

## FACTUAL ALLEGATIONS

14. Plaintiff is individual residing in San Francisco County, California.

15. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

16. Plaintiff's account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

17. Plaintiff was in the Philippines between July 24, 2021, and September 1, 2021.

18. Upon his return to the United States, Plaintiff checked his Wells Fargo account and found that about $20,000 had been stolen from his account via unauthorized transfers between August 23, 2021, and September 1, 2021.

19. Plaintiff called Wells Fargo on or around September 19, 2021, to report the unauthorized transactions and to ask why the charges went through without his knowledge or any communication from Wells Fargo.

20. Wells Fargo told Plaintiff on or around October 2, 2021, that they were denying his claim of unauthorized transactions and would not be refunding the amounts that were transferred.

21. The unauthorized transactions were made through Zelle, which can be accessed through the Wells Fargo app.

   a. Plaintiff never attached his Wells Fargo account to Zelle.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

22. On October 13, 2021, Plaintiff filed a Police Report with the San Francisco Police Department stating that he checked his Wells Fargo account and saw about nine unauthorized transactions out of his account in the amount of about $20,980, and that Plaintiff had not authorized anyone to make transfers out of his account.

23. After filing the Police Report, Plaintiff sent another dispute letter to Wells Fargo, and included all information regarding the unauthorized transfers that he had, included the police report number, and included evidence that Plaintiff had been out of the country when the unauthorized transactions occurred.

24. The record of the unauthorized transactions showed that money was sent to the following individuals: Ayup Axmedov, Grady Milton, and Saffar Loay.

    a. Plaintiff does not know anyone named Ayup Axmedov.

    b. Plaintiff does not know anyone named Grady Milton.

    c. Plaintiff does not know anyone named Saffar Loay.

25. Plaintiff rarely uses this account anymore because of the unauthorized transactions that had been made using his account and Wells Fargo's refusal to help him resolve the issue.

26. At no point did Wells Fargo request additional information from Plaintiff to assist with Wells Fargo's investigation.

27. Wells Fargo failed to provisionally re-credit Plaintiff within 10 days of Plaintiff's dispute.

28. Wells Fargo's form letters and/or verbal communications failed to provide an explanation regarding its decision to reject Plaintiff's claims.

29. Wells Fargo did not make a good faith investigation of the unauthorized electronic fund transfers.

30. Wells Fargo did not have a reasonable basis for believing that Plaintiff's account was not in error.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO. CA 94104

31. Wells Fargo knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Wells Fargo at the time of its investigation.

32. Through this conduct, Wells Fargo violated 15 U.S.C. § 1693f.

33. Wells Fargo imposed liability on Plaintiff for the entirety of the disputed transactions and fees of around $20,000.

34. Through this conduct, Wells Fargo violated 15 U.S.C. § 1693g(a).

### ACTUAL DAMAGES

35. Plaintiff has suffered actual damages as a result of these illegal tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

38. Wells Fargo violated § 1693f in that it did not properly and fully investigate Plaintiff's claim that the account transactions were in error – it did not provisionally recredit Plaintiff's account within 10 days of receipt of notice of the error, it did not do a good faith investigation into the alleged error, and it did not have a reasonable basis for believing Plaintiff's account was not in error.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

39. Wells Fargo violated § 1693g in that it has not proved that the claimed unauthorized electronic funds transfers at issue in this case were authorized (and it has the burden of proof to do so), and/or the conditions of Plaintiff's liability for the unauthorized transfers have not been met, and the required disclosures were not properly made.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for Plaintiff, and,

b) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against Defendant and for Plaintiff, and,

c) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper, including but not limited to, restitution, declaratory and injunctive relief.

### TRIAL BY JURY IS DEMANDED

40. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: March 9, 2022

BY: /S/ LAUREN B. VEGGIAN
LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF,
NESTOR CORNEJO

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**THE CARDOZA LAW CORPORATION**
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## <u>ELECTRONICALLY STORED INFORMATION REQUEST</u>

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**